State vs. Evans.

## No. 10,115.

### THE STATE OF LOUISIANA VS. COLUMBUS EVANS.

The crime of shooting with intent to murder *while lying in wait*, denounced by Sec. 790, R. S., and that of shooting with intent to murder, without the circumstance of *lying in wait*, denounced by Sec 791, not only belong to the same generic class, but every element of the lesser offense is necessarily included in a charge of the greater, which simply adds he aggravating circumstance of *lying in wait*.

Under an indictment for the major, the prisoner cou'd be convicted of the lesser crime, proof of the first necessarily involving proof of the last.

The authorities fully sustain the right of the State to abandon or enter a *nolle prosequi* as to the aggravated circumstance enlarging the crime and to proceed under the indictment for the lesser offense alone.

This does not alter or amend the indictment or convert it into an indictment not found by the grand jury. The minor offense was charged in the bill as found equally with the major.

After such abandonment there was no necessity of a new service of the indictment.

There was no error in permitting the original indictment to be read by the jury, with the accompaniment of the entry on the minutes showing the abandonment of the aggravating circumstance.

The verdict is to be construed as responsive to the indictment as modified.

APPEAL from the Tenth District Court, Parish of Red River. *Hall,* J.

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*Egan & Pierson* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. It is important to state exactly the proceedings in the court below, which are complained of with great earnestness, ingenuity and learning by the defendant's counsel.

Sec. 790 of the Revised Statutes provides : "If any person *lying in wait,*  \*  \*  \* shall shoot, stab or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall, on conviction thereof, be punished with death."

The following, Sec. 791, declares : "Whoever shall shoot, stab or thrust any person, with intent to commit murder, under any other circumstances than these mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor," etc.

It is obvious that the crimes denounced not only belong to the same generic class, but that every element of the lesser offense is necessarily included in a charge of the greater, which simply adds thereto the aggravating circumstance of *lying in wait.* It is plain that, under an indictment for the greater, the prisoner might be convicted of the lesser crime, because proof of the first would necessarily involve proof of

the last.  State vs. Delaney, 28 Ann.; Wharton's Cr. L., §§ 384, 627 ; Bishop Cr. L., §§ 885 *et seq.*

In this case the bill of indictment found by the grand jury charged that the defendant " did, *while lying in wait,* willfully, feloneously and of his malice aforethought, shoot one Sam Naley with a dangerous weapon called a shot gun, with the intent then and thereupon, the said Sam Naley, willfully, feloneously and of his malice aforethought, to kill and murder, contrary to the form of the statute of Louisiana in such cases made and provided, and against the peace and dignity of the same."

Leaving out the words " while lying in wait," the indictment is perfect for the minor offense denounced by Sec. 791, R. S.

On the 26th of July, 1887, the following entry was made by the court on motion of the district attorney:  " The district atttorney formally abandons that part of the indictment which charged the defendant with lying in wait, and the trial is to be upon the charge of shooting with intent to murder, while not lying in wait.  Defendant, present in open court, waives arraignment, and pleads not guilty and asks for trial by a jury."

The entry further shows that the trial was thereupon proceeded with.

A bill of exceptions, however, shows that the defendant objected to going to trial, on the grounds substantially : 1. That the *nolle prosequi* of the charge of *lying in wait* was in effect a *nolle prosequi* of the entire indictment, and entitled him to his discharge.  2. That he had not been served with a copy of any indictment except the original one found by the grand jury, and could not be tried without due service of the altered or amended one on which he was to be tried.

On the first point defendant's counsel contends that a *nolle prosequi* of one part of an indictment containing but a single count is a *nolle prosequi* of the whole.  Citing Brittain vs. State, 7 Humph. (Tenn.) 159 ; People vs. Porter, 4 Parker Cr. C. 524, and State vs. Byrd, 31 Ann. 419.

The case last referred to and the Tennessee case, we think, fully recognize the right of the State to strike out or abandon the words that charge the malice or felony or other mere aggravation which enlarges the crime, and to prosecute only for the inferior offense, which remains sufficiently charged in the indictment without such words of aggravation ; and this is all that has been done in the instant case. We can see nothing but benefit to the defendant which could result from such abandonment; for since, without it, he could be lawfully

convicted of the lesser offense, why should he complain of being relieved of all chance of conviction of the greater?

The case from Parker's Reports seems to go further, but we think it is contrary to the overwhelming weight of authority as well as of reason.

Thus says Mr. Bishop :

" While the simple form of the *nolle prosequi* is to the entire indictment, it may be equally well to a part of the counts, or even to a separable part of any one count; thus—on an indictment for assault with intent to murder, there may be a *nolle prosequi* as to the aggravated intent, and a conviction for simple assault." Bishop C. P. § 1391, vol. 1 ; State vs. Merril, 44 N. H. 624 ; State vs. Burke, 38 Maine, 574 ; 21 Maine, 341 ; 24 Maine, 71 ; Aaron vs. State, 39 Ala. 75 ; 105 Mass. 586 ; 109 Mass. 349 ; Baker vs. State, 12 Ohio, 214 ; 11 Gray, 1 ; 20 Pick. 356 (leading case); *contra :* People vs. Porter, 4 Parker C. C. 524.

There is no question here of an amended indictment, or of trying a defendant upon an indictment so altered as to be no longer an indictment which was found by a grand jury. As we began by saying, the indictment preferred by the grand jury, in charging the major offense, necessarily and unequivocally charged the lesser, as is demonstrated by the fact that when the aggravating words, "while lying wait," are eliminated there remains a perfect indictment for the minor offense. Hence the indictment required no amendment, and the State simply elected to abandon the aggravating circumstance and to proceed on the remaining minor charge, as is undoubtedly authorized by the authorities quoted.

For these reasons the case of *ex parte* Bayne, recently decided by the United States Supreme Court, does not apply.

The same considerations dispose of the other objection. Defendant was duly served with a copy of the only indictment found by the grand jury, which was the same on which he was tried and which was a sufficient basis for finding him guilty of shooting with intent to murder, either with or without "lying in wait."

Another exception was taken to the reading to the jury of the indictment as originally found. There was no other indictment to be read, and when accompanied by the reading of the entry on the minutes abandoning the element of "lying in wait," it sufficiently informed the jury that, though the major offense had been charged, the defendant was to be tried only for the minor offense included in the

same charge.   The same view disposes of the objection to the verdict of the jury.

We have given careful consideration to the case and can discover no error in the proceedings prejudicial to defendant.

Judgment affirmed.