(No. 15054.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER SWARKOWSKI *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923.*

CRIMINAL LAW—*jury may be waived where a felony charge is nollied and defendants plead to misdemeanor.* Although petit larceny is not specifically charged in an indictment for larceny the parties may waive the felony charge, and where the defendants plead "not guilty of petit larceny in manner and form as charged," a jury may be waived and the cause may be tried by the court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

CHARLES C. SPENCER, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

An indictment was found in the criminal court of Cook county against plaintiffs in error, Peter Swarkowski and Walter Mutarcyk, charging that on September 9, 1921, they "feloniously, burglariously, willfully, maliciously and forcibly did break and enter a certain building, to-wit, garage, of Stanley Wierbinski there situate, with intent the personal goods, chattels, money and property of Stanley Wierbinski in the said certain building, to-wit, garage, then and there being, then and there feloniously and burglariously to steal, take and carry away, and one motor vehicle, to-wit, an automobile of the value of $1800 lawful money of the United States of America, of the personal goods, chattels, money and property of the said Stanley Wierbin-

ski in the said certain building, to-wit, garage, then and there being found, then and there feloniously and burglariously did steal, take and carry away, contrary to the statute," etc. The record shows that when the case came to trial, on motion of the State's attorney it was ordered that the felony charge in the indictment be and it was waived. Thereafter each of the plaintiffs in error filed a plea stating as follows: "And he being now here duly arraigned and forthwith demanded of and concerning the crime alleged against him in said indictment how he will acquit himself thereof for a plea in that behalf, he says that he is not guilty of petit larceny in manner and form as charged therein," etc. The record further shows that "issue being joined, the defendants and their counsel now here propose to waive the intervention of a jury and submit this cause to the court for trial, and the court having fully advised said defendants of their right to a trial by a jury, said defendants still adhere to their proposition to waive such right, and by agreement between the State's attorney and defendants and their counsel this case is submitted to the court for trial and the intervention of a jury waived." After hearing the evidence the court found each of the plaintiffs in error guilty of petit larceny in manner and form charged in the indictment, finding the value of the stolen property to be $14. Plaintiffs in error were both sentenced to the house of correction,—Mutarcyk for nine months and Swarkowski for six months,—and each was fined one dollar and costs. From the sentence of the court plaintiffs in error bring this writ of error.

Counsel for plaintiffs in error argues that in all cases in which the prosecution must be by indictment the defendant cannot waive a trial by jury; (*Harris* v. *People,* 128 Ill. 585; *Morgan* v. *People,* 136 id. 161; *Paulsen* v. *People,* 195 id. 507;) that where the offense charged in the indictment is such a one as to require a trial by jury, any sentence imposed without a verdict of guilty based on a trial

by a jury is void; that the test is whether the offense charged in the indictment is such a one as requires a jury trial. Counsel further argues that as the indictment in this case was for a felony and the plea was to a misdemeanor not specifically charged in the indictment, the judgment must be reversed.

It is true, as argued by counsel for the plaintiffs in error, that a prosecution for petit larceny cannot be tried in the criminal court of Cook county without an indictment, (1 Hurd's Stat. 1921, chap. 38, par. 394, p. 1148,) but we have here to deal with a case in which there was an indictment properly returned and plaintiffs in error were brought into court for trial thereunder, and it was agreed then by the plaintiffs in error, represented by counsel, and the State, that those elements of the crime which made the acts in question a felony should be waived and the trial should be held under those elements of the indictment which constituted petit larceny. "At common law it has frequently been held that if on trial a misdemeanor turns out to be a felony, then, on the ground that the misdemeanor is extinguished by being merged in the felony, the defendant must be acquitted of the felony." (1 Wharton on Crim. Law,—10th ed.— sec. 27.) Again, in discussing this question it has been said: "A *nolle prosequi* may be allowed as to one of two indictments, or as to one or more of the several counts of an indictment, or as to a part of a count or indictment which is divisible or which charges an offense which in itself embraces another." (16 Corpus Juris, sec. 787.) This same doctrine has been laid down by other authorities, among them, 12 Cyc. 376, and 2 Bishop's New Criminal Proc. (2d ed.) sec. 1391. These text books cite numerous decisions of various courts laying down the same doctrine. This court in the early decision of *Carpenter* v. *People,* 4 Scam. 197, said that where a defendant is put upon his trial for a crime which includes an offense of an inferior degree, the jury may acquit of the higher offense and convict of

the lesser although there may be no count in the indictment specifically charging that particular offense. See substantially to the same effect, *Beckwith* v. *People,* 26 Ill. 500; *People* v. *Boer,* 262 id. 152; *People* v. *Brown,* 288 id. 489.

The authorities have given various reasons for the rule of the common law and the modification of the rule in various State courts as to convicting for a misdemeanor under an indictment charging felony, among others, that at common law a defendant charged with a felony was not allowed counsel or given a list of witnesses, and was placed under many other disabilities as to matters which at the present time are deemed to be his undoubted rights, and hence when a man was charged with a felony he could not be found guilty of a misdemeanor, since it was considered that the charge of felony might have been made merely for the purpose of depriving him of the rights and privileges which he would have had if charged with a misdemeanor. Those reasons no longer exist either in England or in this country, and even before statutes were passed in England abolishing the distinction (so far as the rights of a defendant were concerned) between felonies and misdemeanors, many States in this country had decided that there was no reason in the United States for the distinction, and hence a defendant charged with a felony might be found guilty of a misdemeanor. (*Hunter* v. *Commonwealth,* 79 Pa. 503; *State* v. *Johnson,* 30 N. J. L. 185; *People* v. *White,* 22 Wend. 167; *Stewart* v. *State,* 5 Ohio, 242.) The highest court of Louisiana in discussing this question held in *State* v. *Evans,* 40 La. Ann. 216, that the State might *nolle* as to the major offense and proceed as to the lesser, provided the lesser was alleged in the indictment. Counsel argued that *nolle pros* of the major offense *nolle prossed* the whole. The court in overruling this objection said (p. 217) : "We can see nothing but benefit to the defendant which could result from such abandonment, for since without it he could be lawfully convicted of the lesser offense, why should he

complain of being relieved of all chances of conviction of the greater? * * * The State simply elected to abandon the aggravating circumstances and to proceed on the remaining minor charge, as is undoubtedly authorized by the authorities quoted." In the somewhat early case of *Commonwealth* v. *Tuck,* 37 Mass. 356, the Supreme Court of the State held that a *nolle prosequi* might be entered as to the whole of an indictment or of a count or as to any distinct and substantive part. In the later case of *Commonwealth* v. *Dean,* 109 Mass. 349, the district attorney made this entry on the indictment: "I will no further prosecution as to so much of this indictment as charges rape." The defendant objected that he could not be held to answer further to the indictment, but the objection was overruled and the trial proceeded. The Supreme Court held that this action was proper; that there was no wrong done in this respect, as the verdict had been for an assault, only, without a *nolle prosequi* in the case. The right of the State to *nolle pros* part of the indictment was upheld in *State* v. *Merrill,* 44 N. H. 624. *Dunham* v. *State,* 9 Tex. Ct. of App. 330, is a case that appears to be directly in point in the case now on hearing. In that case there was an indictment charging burglary and larceny in one count. A *nolle pros* was entered by the State and after the evidence was closed the county attorney dismissed the charge of burglary, which was complained of by the defendant, and the court said (p. 331): "If after this dismissal there was a good indictment for theft there was no error. If we are right in sustaining this indictment for theft it follows that the last objection is not well taken." In *Weaver* v. *State,* 52 Tex. Crim. 11, the defendant was charged with robbery with a deadly weapon. When the case was called for trial the State abandoned and dismissed that portion of the indictment which related to the deadly weapon. The defendant argued, as do defendants in this case, that this dismissed the entire case from the docket and there was nothing on

which to try the case. The court said this was not the law; that the pleader might embody the graver charge in the indictment of all and every means charged in the statute, and might dismiss as to the graver parts and proceed as to the lesser. In *Ferrell* v. *State*, 2 Lea, (70 Tenn.) 25, the question arose as to whether or not a felony charge might be stricken off and defendant plead guilty to simple assault and battery, defendant's counsel arguing that no judgment could be rendered on such an indictment. The court held otherwise, saying that the felony might be stricken out and a subsisting indictment remain, as if the jury had acquitted the defendant of the higher and convicted of the lower offense. In *State* v. *Bean*, 77 Me. 486, the question arose as to whether the single count could be divided by the prosecuting attorney. In that case the defendant was charged with burning a dwelling house and a barn. Objection was raised that the count was double. The prosecuting attorney entered a *nolle* as to part of the count, and the court said (p. 487) : "We think it may be entered, at proper time, to the whole indictment, or to any count or counts in it, or to any person or persons named in it, or to any part of a count. Such has been the common practice in our courts. Any part of a count which is in its nature separable from the rest may be removed by *nolle prosequi* and the remainder stand. The defendant is not injured by the removal of the superfluous or double allegations." See to the same effect, *State* v. *Eno*, 8 Minn. 220, and *State* v. *Struble*, 71 Iowa, 11.

It would seem to follow that if the State may *nolle* as to the greater offense, so as to leave nothing charged but a misdemeanor, then, under the authorities in this and other jurisdictions, the jury may be waived and the cause tried by the court; and this would seem to be particularly true where the defendant should plead to the lesser offense remaining in the indictment after the greater offense had been *nolled*. See in addition to other authorities cited from this

307—34

State, *Zarresseller* v. *People,* 17 Ill. 101; *Darst* v. *People,* 51 id. 286; *Brewster* v. *People,* 183 id. 143.

In our judgment, on this record, under the decisions in this State and by the great weight of authority in other jurisdictions, including the common law on this subject, the court did not err in allowing the felony charge in this indictment to be waived or that portion of the indictment to be *nolled* by the State and plaintiffs in error to be found guilty of a misdemeanor.

The judgment of the criminal court of Cook county will therefore be affirmed.                    *Judgment affirmed.*

---

(No. 15274.—Reversed and remanded.)
ROBERT J. KROSCHEL, *et al.* Appellees, *vs.* HUBERT J. SCHWALL, Appellant.

*Opinion filed April 18, 1923.*