(No. 26369.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER LANIE, Plaintiff in Error.

*Opinion filed November 24, 1941.*

James M. Burke, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, Chester Lanie, hereinafter referred to as defendant, was convicted in the criminal court of Cook county of the crime of receiving stolen property knowing it to have been stolen. He brings the cause here complaining of rulings of the court on the admission of evidence and contending that the evidence does not support conviction.

On the evening of October 18, 1940, the place of business of the Chicago Auto Body and Motor Sales Company, in the city of Chicago, was broken into and a considerable quantity of automobile accessories, tools, tires, radios, heaters, defrosters, batteries and anti-freeze liquid was stolen. It is undisputed that George Skala and Richard Klatt were guilty of this burglary. These young men divided the stolen property and took it to their respective homes where they stored it in sheds. Skala told his mother that the articles were part of the stock of Klatt's uncle who was bankrupt, and that they were going to dispose of it for him.

One of the car radios taken in the burglary was sold to Albert Zwierczyk, who also was told that the property was a part of the bankrupt stock of Klatt's uncle. Zwierczyk testified on the trial and admitted that he later purchased other articles after he had learned the property was stolen.

The defendant was indicted jointly with Skala, Klatt and Zwierczyk. The abstract shows a plea of not guilty and a trial of the issue as to defendant. It does not dis-

close what plea the other three entered but they appeared as witnesses and testified. Skala and Klatt admitted the burglary and testified that they told defendant that the property was "hot" and that it had been stolen. Skala was twenty-one years of age at the time of the trial. Klatt was twenty years old at that time, Zwierczyk was nineteen and defendant was thirty-six. The latter operated a grocery store and meat market. Parts of the stolen property were found in his basement under cartons of groceries. Later, his attorney notified the police of other property that was stolen and it was returned.

Defendant testified that he had a hobby of repairing cars in his spare time, which he did in his garage at the rear of his grocery store; that he had never been in any previous difficulty and numerous witnesses testified to his good reputation and character. Zwierczyk testified that the defendant, whom he knew, saw a car radio which the witness had purchased, and upon learning the price, wanted to know if Skala had any other radios like it for sale. As a result of this conversation defendant and Skala met. It is not disputed that defendant purchased various stolen items from Skala and Klatt at very much reduced prices. His only contention is that he did not know they were stolen. Skala, Klatt and Zwierczyk all testified that he was told it was stolen property and that he thereafter looked over what Skala had and bought numerous articles for a total of $39. The issue of fact as to defendant's knowledge that the goods were stolen was formed by the testimony of the three accomplices on the one hand and the defendant on the other.

The People also introduced the testimony of the arresting officer who stated that after arresting Skala and Klatt and taking them to the police station, he and another officer accompanied by Skala went to defendant's store where the latter denied he knew Skala or had ever seen him. On being told by the officers that they had a search warrant,

he admitted that Skala had sold him some merchandise and lead the officers to the basement where he showed them a radio, some Prestone and auto polish which were piled in cardboard cartons along with cartons of groceries. The arresting officer also testified that Zwierczyk was arrested that day and all parties were taken to the State's attorney's office; that some three or four days after the arrest counsel for defendant took the witness to a machine shop owned by defendant's brother, where additional articles, which had been purchased from Skala and Klatt, were found and turned over to the police. The assistant State's attorney was placed on the stand and testified that on the day of the arrest he questioned the defendant, Skala, Klatt and Zwierczyk in his office regarding the crime and that the statements made by them were taken down and later signed by all except the defendant who refused so to do. This statement was read in evidence and its admission is one of the contentions of error here, but as it was admitted and read without objection on the part of defendant's counsel, its admission is not a matter which need be further considered here. It has long been settled that a defendant may not complain here of the introduction of testimony where no objection thereto was made in the lower court. *Lipsey* v. *People,* 227 Ill. 364.

According to the statement offered in evidence, defendant was asked whether Skala told him where he got the property or how he got it, and that defendant stated that Skala told him that it was "hot," which the defendant interpreted as meaning stolen, and that he thereafter purchased numerous articles. In his testimony he denied having made any such statement. The rule in criminal cases is that it is the province of the jury to determine the credibility of the witnesses and to weigh their testimony, and unless it can be said, after a careful perusal of the evidence, that the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt as to defendant's guilt, this court

will not reverse a judgment of conviction on the evidence. *People* v. *Price,* 371 Ill. 137.

While his counsel argue here that his conviction is a matter based solely on the testimony of the confessed thieves, there are certain other features of the evidence in the record to cast suspicion upon defendant's conduct, namely, he told police officers that he did not know Skala, though he later stated that he bought articles from him. Further, the articles which he purchased were piled in the basement of his store among cartons of groceries though he stated that he had a hobby of repairing automobiles in his garage, which, so far as the record shows, was not a part of his grocery store. Furthermore, the price at which he purchased these articles was sufficiently low to raise the suspicion of a reasonable man as to the validity of the vendor's ownership. (*Huggins* v. *People,* 135 Ill. 243.) This court would not be justified in setting aside this verdict on the ground of insufficient evidence. The judgment is, therefore, affirmed.               *Judgment affirmed.*