(No. 29293.— )

The People of the State of Illinois, Defendant in Error, *vs.* Anthony Aversa, Plaintiff in Error.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

Ellis & Westbrooks, Kimball Smith, and William C. Martin, (Richard E. Westbrooks, of counsel,) all of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, Joseph A. Pope, and C. D. Pemberton, all of Chicago, of counsel,) for the People.

Mr. Justice Smith delivered the opinion of the court:

This is a writ of error to review the judgment of the Appellate Court for the First District. That court affirmed a judgment of conviction entered against plaintiff in error by the municipal court of Chicago.

On August 24, 1944, an information was filed in the municipal court charging plaintiff in error with the offense of pandering. The information was signed by Helen Broeker. The cause was numbered, on the docket of said court, No. 43343. Specifically, the information charged that plaintiff in error caused, induced, persuaded and encouraged the complainant to remain in a house of prostitution, as an inmate thereof, in violation of the pandering statute.

At the same time an information was filed in the municipal court by the same Helen Broeker charging one Lewis Raymond with accepting and receiving money from her, which was a part of her earnings from the practice of prostitution. This cause was No. 43344 on the docket of the municipal court.

The defendants in the two cases were arraigned at the same time and entered pleas of not guilty. They each waived trial by jury. The cases were heard together upon the same evidence. Separate judgments were entered. Each defendant was found guilty and sentenced to a term of six months in the house of correction and to pay a fine of $300. They filed joint motions for a new trial and in arrest of judgment. Thereafter, they sued out separate writs of error from the Appellate Court to review the judgments entered against them by the municipal court. On their joint motion the case against Raymond was consolidated with this case in the Appellate Court and submitted on the abstract and briefs filed in this case. Separate opinions were filed and separate judgments entered by the Appellate Court. The judgments were affirmed in both cases. 325 Ill. App. 699.

A writ of error was sued out of this court by Raymond to review the judgment of the Appellate Court in his case. His case was No. 29216 on the docket of this court. It was submitted for decision at the November term, 1945. Thereafter, plaintiff in error sued out this writ of error to review the judgment of the Appellate Court affirming the judgment of the municipal court in his case.

In the municipal court following the trial, plaintiff in error and Raymond filed a joint stipulation or agreed statement of the evidence on the trial, which was approved by the trial court in lieu of a formal report of proceedings.

Plaintiff in error in this case assigns the same errors and makes the same contentions as those made by Raymond

in No. 29216. The same arguments are made and the same authorities are cited in support of his contention that the judgment of the Appellate Court should be reversed.

All of the facts involving both defendants in connection with the crime charged are fully set forth in the opinion filed on January 23, 1946, in the case of *People* v. *Raymond, ante,* p. 147. To restate those facts and contentions here is wholly unnecessary. All of the questions raised by plaintiff in error and all of the contentions made by him were fully set forth, considered and determined in *People* v. *Raymond.* All questions raised having been decided in that case adversely to his contentions in this case, that decision is conclusive here.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*