(No. 33683.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MERLE PROHASKA, Plaintiff in Error.

*Opinion filed May 23, 1956.*

MERLE PROHASKA, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and
CARROLL V. WINTERSTEEN, State's Attorney, of Havana,
(FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,)
for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the
court:

The indictment against plaintiff in error, Merle Pro-
haska, consisted of four counts, in each of which, in varying
language, it was alleged that plaintiff in error, Melvin Hod-
son and Thomas Skelly did, on April 6, 1947, at Havana,
Mason County, kill and murder one John Barclay.

Plaintiff in error was tried jointly with his codefend-
ants, before a jury, and was found guilty of murder as
charged in the indictment, and his punishment was fixed
by the verdict at imprisonment in the penitentiary for the
term of his natural life. A separate verdict was returned
by the jury as to each of his codefendants, with the same
findings and the same punishment. A written motion for
a new trial and an oral motion in arrest of judgment were
each made in that order and were each overruled by the
court. Judgment was entered by the court upon the verdict
of the jury, and thereafter plaintiff in error was committed

to the Illinois State Penitentiary where he is now incarcerated. He brings this writ of error to review the record of his conviction.

Plaintiff in error was tried on the theory of an accessory before the fact to murder, that he, being present, had advised or encouraged the perpetration of the crime charged; that he, together with Thomas Skelly and Melvin Hodson, conspired together to intimidate or murder one John Barclay, for which Melvin Hodson was to compensate plaintiff in error and Skelly.

The facts in this case have been fully set out in *People* v. *Hodson,* 406 Ill. 328, and *People* v. *Skelly,* 409 Ill. 613, and will not be repeated here.

Sixteen errors are relied upon for reversal. The first and third assignments of error, that the trial court erred in overruling plaintiff in error's motions for a directed verdict at the close of all of the evidence for the People and for a new trial, and in refusing to give the jury the offered instructions of the plaintiff in error, have not been argued and are waived. *People* v. *Jones,* 6 Ill.2d 252.

The second error assigned by the plaintiff in error is that the trial court erred in overruling his oral motion for arrest of judgment. There was no requirement by the court or request by the State's Attorney to have the motion reduced to writing or to have the grounds of the motion reduced to writing. The State now contends that since specifically assigned errors, if any, supporting plaintiff in error's oral motion in arrest of judgment were verbal and are not shown by the record, plaintiff in error's assignment of error upon the action of the court in overruling his oral motion in arrest of judgment presents nothing for review. In *People* v. *Jankowski,* 391 Ill. 298, relied upon by the State, it was held that since 1933 the requirement that motions for a new trial and in arrest of judgment be in writing is a mandatory one in criminal cases; that the legislature, by the 1933 amendment to section 17 of division XIII of

the Criminal Code, intended to require defendants in criminal cases to apprise the trial court in writing of all grounds for a new trial or for arrest of judgment, and that failure to do so precludes assigning as error any point not so specified. However, in *People* v. *Flynn*, 8 Ill. 2d 116, the decision on this point, made in the *Jankowski case*, was specifically overruled. This court, in deciding the *Flynn case*, held that the 1933 amendment to section 17 of division XIII of the Criminal Code is directory and not mandatory; that the party moving for a new trial and for judgment notwithstanding the verdict may be required by the court or the opposite party to file points in writing specifying the grounds for his motions, and that if the party moving for a new trial and for judgment notwithstanding the verdict submits verbal motions without stating in writing the grounds therefor and without objection, the requirement of such written statements are waived. If the motions have been submitted thus, without specifying the grounds therefor in writing, the party may avail himself of any cause for a new trial which may appear in the record, whether it be the admission or rejection of evidence, the giving or refusing of instructions, the lack of sufficient evidence or any other error occurring during the trial. The foregoing rules applied to motions for new trial and motions for judgment notwithstanding the verdict are also applied by this court to motions in arrest of judgment and when a motion in arrest of judgment does not specify the ground therefor, it will be presumed, on appeal, that every proper ground for arrest of judgment was presented to the trial court. *People* v. *Goldberg*, 287 Ill. 238.

Plaintiff in error contends that as he was tried as an accessory before the fact of murder he has a right to prove that under Illinois law the alleged murder of John Barclay was in reality self-defense by the defendant Thomas Skelly. Further, that under the evidence adduced and the law the killing of John Barclay by Thomas Skelly was self-defense;

that therefore plaintiff in error could not be guilty of the crime of murder or accessory before the fact to murder. In *People* v. *Skelly,* 409 Ill. 613, we considered and weighed the evidence upon the same issue, that of self-defense as advanced by Thomas Skelly. It was concluded in that case that the jury was justified in rejecting it. The record before us in this case is identical with that of *People* v. *Skelly.* Plaintiff in error brings forth no new facts and makes substantially the same arguments as those advanced in the *Skelly case.* The issue of self-defense raised by defendant in this appeal is controlled by our decision in *People* v. *Skelly. People* v. *Aversa,* 393 Ill. 473; *Larson* v. *Chicago City Bank and Trust Co.* 381 Ill. 172.

There were introduced in evidence what purports to be four written confessions signed by the plaintiff in error, being Peoples' exhibits 51, 52, 53 and 54. These documents clearly admit the charges made in the indictments. But plaintiff in error, then a young man 19 years of age, insists that the purported confession of the 17th of April was induced by threats of the electric chair and promises that recommendation of leniency would be forthcoming at the trial; that his purported confessions of the 17th and 18th of April were not voluntary because dictated by the State's Attorney; that his purported confessions of the 17th and 18th of April were given for the sole purpose of procuring and guaranteeing the release from jail of his sweetheart or girlfriend, Henrietta Hodson, codefendant Hodson's sister. Plaintiff in error contends that under the law of the State of Illinois the People must prove by a preponderance of the evidence that a confession is voluntary. He further submits that he signed Peoples' exhibits 51, 52, 53 and 54 involuntarily and under duress and promises which were made, one of which at least was kept, namely, that Henrietta Hodson would be freed.

The constitution of the State of Illinois provides that no one shall be required to give evidence against himself

in a criminal case (article II, section 10). It also provides that no person shall be deprived of life, liberty or property without due process of law (article II, section 2). And likewise, the fourteenth amendment to the constitution of the United States provides that no State shall "deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff in error argues that this being the law, the purported confessions as admitted against him at his trial were used against him in violation of his constitutional rights.

Confessions extorted by violence, brutality, promise or unlawful confinement for an unreasonable length of time are illegal and may not be received in evidence against the accused. A voluntary or freely-made confession of guilt is proper evidence of a high and convincing character. The question of whether an alleged confession was voluntarily made is initially one for the trial judge. (*People* v. *Scott,* 401 Ill. 80; *People* v. *Ardelean,* 368 Ill. 274.) We have held that all of the witnesses to the confession or those taking part in obtaining it must be produced or their absence explained. The burden is upon the State to show the confession is voluntary.

In the instant case a hearing was held before the court out of the presence of the jury as to the admissibility of the purported confessions. Sheriff William K. Sheridan, Assistant State's Attorney Guy Williams, Rosalyn Heye, the stenographer, Deputy Sheriff Lauren Ollin, State's Attorney Lyle R. Wheeler, and Robert M. Walker and William Abernathie, investigators for the State Bureau of Investigation testified on behalf of the State. In addition to plaintiff in error, the court heard in his behalf the testimony of Henrietta Hodson, Melvin Hodson and Thomas Skelly.

The facts show that on April 17, 1947, plaintiff in error signed a confession, Peoples' exhibit 51, in the sheriff's

office in Havana. Present on this occasion were Sheriff William K. Sheridan, State's Attorney Lyle K. Wheeler, William Abernathie and Robert Walker, investigators from the State Bureau of Investigation, and Rosalyn Heye, the stenographer. On the day following plaintiff in error's first confession, codefendant Thomas Skelly executed a confession, People's exhibit 52, which was signed by plaintiff in error. Witnesses were Robert M. Walker and William Abernathie. Later the same day Skelly made another written confession, People's exhibit 53, in substantially the same form as the one made previously, which was also signed by plaintiff in error. This instrument was executed by Robert M. Walker, William Abernathie and William K. Sheridan, as witnesses. Skelly made still another written statement the same day, People's exhibit 54, which was also signed by plaintiff in error. In addition to plaintiff in error and Skelly, Deputy Sheriff Lauren Ollin, Sheriff William K. Sheridan, Robert M. Walker, and William Abernathie were present. After the last two statements had been made by Skelly and signed also by plaintiff in error, Hodson, a codefendant, was brought to the sheriff's office from the county jail. The two confessions, as signed by his two codefendants were read aloud in Hodson's presence and in their presence. At that time, in response to questions put to them by the officers present, plaintiff in error and Skelly each said that the statements contained in the confessions were true.

The record also shows that shortly after the altercation in which Barclay met his death, an abandoned 1939 Plymouth automobile was found near the city of Springfield. The car was promptly identified as belonging to Melvin Hodson. In investigating the death of Barclay, the authorities determined that Henrietta Hodson had possession of the abandoned 1939 Plymouth used later that same day by defendant and Skelly in their search for deceased. She was taken into custody as an accomplice to the murder.

Here the trial court, on the matter of promises or inducements, was compelled to believe either the plaintiff in error and his witnesses or the witnesses for the prosecution. Witnesses for the prosecution squarely denied plaintiff in error's contention that his confessions were induced by threats of punishment or promises of leniency. The State's Attorney testified that the confessions of April 17 and 18 were dictated in plaintiff in error's presence, following discussions with him; that they were read to and by the plaintiff in error; that plaintiff in error was requested to correct the State's Attorney at any point, that defendant did correct him and that defendant in his own handwriting corrected a small typographical error on the fourth page of his alleged confession of April 17. The stenographer, Rosalyn Heye, corroborated this testimony. Plaintiff in error's contention that he was induced to give his confessions only because of his desire to procure and insure the release of Henrietta Hodson was flatly denied by witnesses for the prosecution. The testimony shows that Henrietta Hodson had been confined on the reasonable belief that she might have been in the automobile when Skelly killed the deceased and she was released some hours after defendant's confession because authorities were then fully persuaded she had not been involved. In this appeal, defendant has set forth in detail apparent inconsistencies and contradictions in the testimony of the witnesses for the prosecution. After a careful review we cannot say that they are of such character as to destroy or seriously impair the material averments made by these witnesses. There was ample testimony in this case to show that the several confessions of plaintiff in error were voluntary, and the court did not abuse its discretion in allowing the confessions to go to the jury.

Plaintiff in error contends that he was prejudiced by the testimony of four witnesses who stated that codefendant Hodson at various times and places threatened the de-

ceased's life; by the testimony of a gun dealer, W. A. Phillips, that he sold guns and ammunition to Hodson and plaintiff in error; by the alleged hearsay testimony of three witnesses that plaintiff in error's confessions were voluntarily given, and generally by the error of the trial court in allowing the jury to consider incompetent, improper and prejudicial evidence in arriving at its verdict against plaintiff in error. Plaintiff in error also contends that he was forced by threats of bodily injury to submit to lie detector tests. He further contends that the court erred in submitting the case to the jury upon the theory of a conspiracy, as there was no evidence of a joint agreement or joint action. After a careful consideration of the record before us, we are of the opinion that these contentions by plaintiff in error are without merit and the trial court committed no error in these respects.

Plaintiff in error contends that the testimony of Dorothy Barclay of threats made by Hodson against deceased's life was prejudicial in that plaintiff in error and his co-defendant, Skelly, were tried on the theory advanced by the State that they conspired with Melvin Hodson to kill the deceased for a sum of money; that any testimony which would tend to show motive on the part of Melvin Hodson would show motive on his part. In support of this contention plaintiff in error cites the general rule of law that in a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. (*People* v. *Meisner*, 311 Ill. 40; *People* v. *King*, 276 Ill. 138.) Evidence of other crimes is objectionable "not because it has no appreciable probative value, but because it has too much." (1 Wigmore, Evidence, 3d ed. sec. 194.) The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the cur-

rent crime. And so, as a matter of policy, where the testimony has no value beyond that inference, it is excluded. But where the evidence is independently relevant, it is admissible to show motive or intent, identity, absence of mistake or accident, or the existence of a common scheme or design. (1 Wigmore, Evidence, 3d ed., sec. 216.) Aside from this, however, it appears from the record that Dorothy Barclay testified without objection in the trial court and, no objection being made to her testimony there, such objection comes too late in this court. *People* v. *Mulford,* 385 Ill. 48; *People* v. *Tuttle,* 382 Ill. 147; *People* v. *Lanie,* 378 Ill. 320; *People* v. *Finch,* 394 Ill. 183.

The State produced Herbert L. Herstein, sheriff of Tazewell County, Guy E. Donahue, deputy sheriff of Tazewell County and Arthur Copeland, father-in-law of John Barclay, who testified as to threats made by Hodson against the deceased's life. Defendant objected to their testimony and the court instructed the jury to disregard the testimony as to plaintiff in error and Skelly. The same was done regarding the gun dealer, W. A. Phillips, whose testimony that he sold a gun and ammunition to plaintiff in error was given without objection by plaintiff in error. Thereafter the gun dealer was examined at length by plaintiff in error's counsel. Plaintiff in error's own instruction No. 11 restricted such evidence to the proper defendant in the jury's determination. Under these circumstances and where the plaintiff in error did not move for a separate trial, plaintiff in error was not prejudiced and he cannot now complain. *People* v. *Swift,* 319 Ill. 359.

The plaintiff in error further contends the evidence produced by the People was of such unsatisfactory character as to leave a reasonable doubt as to his guilt. We have many times held that in a criminal case it is the peculiar province of the jury to weigh the evidence and determine the facts, and this court will not reverse a judgment of conviction on the ground that the evidence is insufficient to

sustain the finding of guilt unless there is a reasonable and well-founded doubt of the guilt of the accused and the verdict is found to be palpably contrary to the weight of the evidence. (*People* v. *Booker,* 378 Ill. 334.) We are unable to say, after a careful analysis of this record, that the evidence indicates a reasonable doubt of guilt. *People* v. *Grove,* 284 Ill. 429.

After a full consideration of all the evidence in this case, the procedure of the trial court and the several errors assigned and argued by plaintiff in error, we find no error which would justify us in reversing the judgment of the trial court and that judgment is affirmed.

*Judgment affirmed.*