People of the State of Illinois, Defendant in Error, v. James Turner, Plaintiff in Error.

Gen. No. 64-128.

Second District.

June 21, 1965.

David F. Smith, of Loves Park, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (William R. Nash, State's Attorney, of Rockford, Fred G. Leach, Assistant Attorney General, and John

<br>

W. Nielsen, Assistant State's Attorney, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

Defendant was found guilty of murder by a jury in the Circuit Court of Winnebago County and was sentenced to life imprisonment. The writ of error to the Supreme Court was transferred to this Court.

Defendant, who was 39 years of age, was indicted on three counts of murder and one of manslaughter on January 11, 1961. At the arraignment on January 13, 1961, defendant was furnished with a copy of the indictment (containing names of witnesses who testified before the Grand Jury), a copy of his statements and list of jurors. On January 18, 1961, defense counsel was appointed and trial set for February 20, 1961. Lists of additional witnesses were furnished defendant on January 24, February 16 and February 17. Immediately preceding the commencement of the trial on February 20, 1961, the State moved to nolle pross the manslaughter count. The defendant's counsel asked for a continuance in order to research the law as to the State's right to nolle pross. The defendant requested a continuance for an additional reason, namely, that the list of jurors furnished at the arraignment were not the same jurors on the panel when the case was called for trial. Both motions were denied as was a motion by defendant's counsel for leave to withdraw from the case.

The defendant was charged with having murdered one Ozzie Allen on December 29, 1960. Defendant had gone out with the deceased socially for some six months prior to the shooting. On or about December 17, 1960, there was evidence that the defendant had

quarrelled with the deceased and had threatened her life. On December 29, 1960, at approximately 5:00 p. m., defendant entered the place of business where the deceased was employed and in view of several witnesses shot her twice with his revolver, death being instantaneous. Defendant, in testifying on his own behalf, stated that around noon on the day of the shooting he met two men from Beloit, whose names he could not recall, and the three decided to get drunk. They bought a fifth of Teacher's Scotch at a liquor store near the place where defendant was living and returned to defendant's room where they drank until around 3:00 p. m. Defendant left and went to a pool hall where he drank half a pint of Teacher's Scotch which he bought. He left the pool hall and, after stopping for a short while at the Brigg's Hotel, he went to Tommy's Beauty Salon to pawn the gun because he had no money. He entered the Beauty Salon around 5:00 p. m. Upon entering the Beauty Salon, he asked to see Tommy. Defendant then approached Ozzie Allen and shot her. The State's evidence shows that she was shot twice, once in the arm and once in the head. The defendant left the Beauty Salon, walked four or five blocks to the Sheriff's office where he surrendered himself, stating, "I just shot somebody," and in response to the question, "Who did you shoot?", he answered, "Mrs. Allen on South Winnebago." There was also testimony that at that time he made the statement, "There are some things you just got to do." The testimony of those who saw him at the Sheriff's office within a few minutes after the shooting was that he did not smell of alcohol, nor did he stagger, and that his speech was clear. There was testimony that he did not appear at that time to be intoxicated. On rebuttal the State produced evidence that on the day of the shooting, defendant and one William Lam-

bert went to the house of a Mildred Cash at between 10:30 and 11:00 a. m. While there, the three consumed half a pint of Scotch. Edward McGoon testified that he picked up the defendant at Mildred Cash's address at about 4:00 p. m. and that at approximately 4:30 p. m. he dropped defendant off across the street from the Beauty Salon.

Defendant contends that it was error not to have granted him a continuance or to permit his attorney to withdraw; that the introduction of his statements made in the Sheriff's office, his written statement and his statement made to the State's Attorney, transcribed by a stenographer, were in error, and that certain instructions given on behalf of the State were improper and that the Court erred in refusing to give a manslaughter instruction offered in his behalf.

■■ With regard to defendant's first contention, we cannot agree that the trial judge abused his discretion in permitting the State to nolle pross the charge of manslaughter nor in denying defendant's counsel a continuance in order to research the law on this question. The defendant was not prejudiced by the dropping of this charge. People v. Swarkowski, 307 Ill 524, 139 NE 34; People ex rel. Castle v. Daniels, 8 Ill2d 43, 132 NE2d 507.

■■ Prior to the arraignment, defendant was furnished with a list of the jurors as well as the names of witnesses. The State had no duty to furnish him with a new list of jurors called in February, which list was available to defendant in the Clerk's office for several weeks prior to trial. North v. People, 139 Ill 81, 28 NE 966. The record before us does not show the court abused its discretion or that defendant was prejudiced by denial of a continuance to enable the defendant's attorney an opportunity to investigate

the list of jurors. People v. Kenzik, 9 Ill2d 204, 137 NE2d 270.

■ The defendant next contends that the written and oral confessions and testimony regarding them were improperly admitted into evidence. Two oral statements were made by the defendant, the first was typed and then signed by him at the Sheriff's office and witnessed by two police officers in the early morning of December 30. The names of the witnesses who were present appear on the face of the statement. The second statement was taken by the State's Attorney with a Court reporter present and in it was included the names of the persons in attendance. Copies of both of these statements appear from the record to have been delivered to the defendant at a preliminary hearing when an attorney was appointed by the court with an admonition by the court that the statements should be delivered to his attorney when interviewed. The names of the housewife and of the officer on duty at the time defendant came into the station were not included in the list of witnesses provided at the time of arraignment, however, neither were present at the time the statements were taken, and there names were furnished to the defendant at a later date. We deem this procedure to be in accordance with the provisions of Illinois Revised Statutes, chapter 38, section 729 (1961). No contention was ever made at the trial level that the statements were involuntary.

■■ The defendant next objects and urges error and prejudice in that the trial court permitted the officer who prepared the first statement to testify as to the events in question, from his interrogation of the defendant, which information was the basis for the preparation of the statement, claiming the only effect such evidence could have would be stating the same matter twice and overinfluencing the jury. In People

394

v. Strader, 23 Ill2d 13, 177 NE2d 126, this procedure took place and was not criticized. In People v. Prohaska, 8 Ill2d 579, 134 NE2d 799, we note that four confessions were admitted and deemed proper. In view of these authorities we conclude that the trial court was not in error in permitting this procedure. In addition thereto, it appears that the voluntary statements made by the defendant do not constitute a confession of murder but are a recital of his acts and doings and were properly admitted to evidence. People v. Stanton, 16 Ill2d 459, 158 NE2d 47.

■ ■ Next, defendant objects to people's instructions Nos. 4, 6, and 22. The State contends, and we find, that no error was alleged in the giving of these instructions in the written motion for new trial. Where the grounds for a motion for a new trial are stated in writing, a reviewing court is limited to a consideration of the errors alleged in the written motion and all other errors are deemed to have been waived. People v. Baker, 8 Ill2d 522, 134 NE2d 786. People v. Cosper, 5 Ill2d 97, 125 NE2d 60.

■ ■ Finally, the defendant contends that the Court erred in refusing to give the defendant's instructions pertaining to manslaughter. The defendant argues there was sufficient evidence of his drunkenness to permit the jury to find that he did not have the capability to have the requisite intent necessary to sustain a conviction for murder. It is unquestionably the law of this State that if there is any evidence in the record which, if believed by the jury, would reduce the charge of murder to manslaughter, an instruction for finding this crime should be given. People v. Harris, 8 Ill2d 431, 134 NE2d 315. People v. Brown, 415 Ill 23, 112 NE2d 122. Consequently, we have most carefully examined the record and taking the defendant's testimony alone, we are unable to find the necessary

evidence. While defendant testified as to having consumed a considerable quantity of intoxicating beverages on the day of the shooting, his step by step recitation of the events leading up to the shooting including his explanation that he went to the deceased's place of business for the intention of pawning the gun and his testimony with regard to his subsequent surrender to the Sheriff's office within a matter of minutes after the shooting, would hardly give a jury a basis for finding his intoxication so extreme as to suspend his power to reason and leave him incapable of forming an intent. People v. Strader, supra.

For the reasons above stated, the decision of the trial court is affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.