(No. 22622.—■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE OBERHOLDT, Plaintiff in Error.

*Opinion filed December 18, 1934.*

JAMES M. BURKE, and GEORGE M. CRANE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiff in error and one Arbuthnot were tried and convicted in the criminal court of Cook county upon an indictment for larceny from the person of David Bersofsky. This writ of error is on behalf of Oberholdt, one of the defendants in the criminal court.

Bersofsky testified that on the night of March 5, 1934, he attempted to alight from the rear platform of a street car in the city of Chicago, and as he did so his way was blocked by a man who moved back and forth in front of him. After succeeding in alighting he found that $107

had been stolen from his pocket. Harold Luth, an inspector for the car company, followed him from the car, told him not to get excited, and said that he saw the whole thing. They got back on the car and went through it but could not find the man who took the money. The witness Luth testified that he saw the pocket being picked and positively identified the plaintiff in error and Arbuthnot as two of the participants in the crime. He also testified that he had seen them get on the street car together, in company with a third man, who was not apprehended.

The plaintiff in error contends (1) that it was error for the court to overrule objections to unresponsive answers to counsel's questions made by Bersofsky in the course of his examination; (2) that it was error for the court to permit the witness Luth to testify that he had seen plaintiff in error on previous occasions; (3) that it was error to allow Luth to testify that he had seen Oberholdt and Arbuthnot together two days after the offense was committed; and (4) that the evidence is highly unsatisfactory. There was no evidence offered on behalf of the plaintiff in error.

It is the province of the jury to consider the evidence and determine the weight to be given to the testimony of the respective witnesses. The witness Luth testified that he saw the pocket being picked and positively identified the plaintiff in error and Arbuthnot as two of the participants. This direct testimony, uncontradicted, fully warranted the verdict, and in this condition of the record it is unnecessary to decide whether the evidence complained of was erroneously admitted. We have repeatedly held that the admission of incompetent testimony will not constitute reversible error if it appears that such testimony could not reasonably have affected the result. (*Johnson* v. *People,* 202 Ill. 53; *People* v. *Nall,* 242 id. 284; *People* v. *Cleminson,* 250 id. 135.) We said in *People* v. *Burger,* 259 Ill. 284: "In determining whether or not the admission

of incompetent testimony constitutes reversible error each case stands alone and must be determined upon the facts presented by its record." The guilt of the plaintiff in error in this case was sufficiently shown without reference to the testimony complained of, and no other verdict than one of guilt could have been arrived at without disregarding the competent and uncontradicted evidence of Luth. The plaintiff in error stood on his constitutional right, not choosing to deny such evidence as was competent and sufficient to sustain his conviction. Under these circumstances we will not disturb the verdict of the jury. *People* v. *Greenig,* 342 Ill. 254; *People* v. *Barber,* 342 id. 185.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*