(No. 29370.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARCHIE FINCH *et al.,* Plaintiffs in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

184

SCERIAL THOMPSON, of Harrisburg, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and K. C. RONALDS, State's Attorney, of Harrisburg, (LLOYD H. MELTON, of Harrisburg, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, Archie Finch and Nancy Finch, his wife, were charged by indictment, in the circuit court of Saline county, jointly with one Delmas Leverett, with the larceny of $400 in money from one Guy Turner. The Leverett woman was granted a separate trial. Motions were filed by plaintiffs in error to quash the indictment and for a bill of particulars, both of which were denied. On a plea of not guilty a trial was had and a jury found

them guilty on the third count of the indictment, counts 1 and 2 having been withdrawn by the State's Attorney at the close of the evidence. After overruling motions for a new trial and in arrest of judgment, each plaintiff in error was sentenced to the penitentiary for a term of one year.

Plaintiffs in error complain that the indictment under which they were charged did not contain such a description of the money as to sufficiently identify it as the property stolen and did not recite that a better description of the property was to the jurors unknown, and so was not a good indictment. They cite in support of this contention *People* v. *Hunt,* 251 Ill. 446, where it was held that conviction under an indictment which recited that a more particular description of the property stolen was to the grand jurors unknown, when the evidence showed that a complete description was known and given the grand jury, cannot be sustained. The third count of the indictment in this case charged larceny from Turner of, to-wit, $400 good and legal money of the United States of the value of $400, belonging to Clara Turner, and in the possession of Guy Turner as bailee.

Clara Turner testified that she had turned over to her son, Guy Turner, something over $400; that she did not know whether she could tell the denominations of the money, and, after describing some of it, stated that she did not know exactly what she had, but that it was fully $400 or more. Guy Turner's testimony as to the description of the money was practically the same. It therefore appears that exact information as to denominations of the money stolen ·was not available to the grand jury, thus distinguishing this case from the *Hunt case.*

In *People* v. *Cohen,* 303 Ill. 523, this court held that an indictment or information is sufficient if it states the offense in the language of the statute, or so plainly that the nature of the offense charged can be easily understood

by the jury. Counsel for plaintiffs in error argue that the *Cohen case* is not applicable here because in that case there was no motion to quash the information or in arrest of judgment, and the case came to this court on the common-law record only. However, applying the test laid down in the *Cohen case* to the case before us, it is obvious that the indictment sufficiently charged the offense. The court properly overruled the motion to quash.

Plaintiffs in error also argue that the trial court erred in overruling their motion for bill of particulars. Whether a bill of particulars shall be ordered lies in the discretion of the trial court and we are unable to see where, in the case before us, a bill of particulars was in any way necessary since the indictment informed the defendants of the crime with which they were charged sufficiently to enable them to prepare their defense. (*People* v. *Cox*, 340 Ill. 111; *People* v. *Birger*, 329 Ill. 352; *Gallagher* v. *People*, 211 Ill. 158.) It was not error to deny the motion for a bill of particulars.

Plaintiffs in error's counsel next argue that the evidence was not sufficient to establish the guilt of plaintiffs in error either as principals or as accessories to the theft of the money from Turner. It appears from the record that plaintiffs in error were prosecuted as principals and not as accessories. The facts leading to the commission of the crime, as disclosed by the record, are as follows: On or about December 1, 1944, Turner was entrusted by his mother with the sum of approximately $400. She was going to a hospital and desired him to keep it safely for her. On December 6, 1944, Turner, who lived in the city of Harrisburg, went to a tavern in Carrier Mills, a nearby village, and drank heavily. During the afternoon he encountered a woman named Delmas Leverett with whom he sat for some time drinking, and thereafter they went to the home of plaintiffs in error, with whom Turner was acquainted. Plaintiff in error Nancy Finch was at

home. They remained at this home until late in the evening drinking wine, beer and whisky. On at least one occasion Turner and the Leverett woman were alone in a bedroom in the Finch home. About 5:30 in the evening plaintiff in error Archie Finch and another man named Virgil Newcomb, who was a boarder at the Finch home, came in. As the evening went on Turner gave money to plaintiff in error Archie Finch with which to buy more liquor and on one or two occasions Turner went out and bought liquor and the drinking continued until toward midnight, when Turner became so intoxicated that he went to an adjoining bedroom and fell asleep. When he awoke the next morning about 5 o'clock he found his money missing from his pocketbook although he still had the purse in which it was kept. He immediately complained to Archie Finch that his money was gone and Finch said he did not know anything about it. On his request he was driven by Finch to a gasoline station nearby where he called the sheriff.

As a result of an investigation by the sheriff's office a deputy sheriff arrested plaintiffs in error, and on December 8, in the office of the State's Attorney, separate written statements of each of plaintiffs in error were taken, which were admitted in evidence on the trial. The arresting deputy sheriff was one of the witnesses to the statements. Both statements set forth that the entire evening had been spent in the Finch home drinking. The statement of Nancy Finch was to the effect that the Leverett woman went, during the evening, to the bedroom with Turner and remained for an hour, (this was denied by Turner,) and that shortly afterwards she called plaintiff in error Nancy Finch to the back porch and gave her $200, not stating where she got it or what it was for. Nancy Finch stated: "I had no doubt in my mind she had stolen this from Guy Turner." She further stated she gave part of the money to her husband and they continued drinking until about

1:30 A.M., at which time she left to go to her mother's house at Eldorado, where she remained the balance of the night. She stated that on leaving the house she counted her money and found she had $115, that the next morning she spent $29 of this to purchase a coat in Eldorado and returned to Carrier Mills, that when the officers were coming to arrest her at her mother-in-law's house she gave her mother-in-law about $39, and that she had placed the rest of the money between the cushions of the sofa in her own home.

The written statement of plaintiff in error Archie Finch was in substance the same except that he went to the kitchen where his wife told him that the Leverett woman had given her the money and she gave him some of it amounting to $80. He also stated he was satisfied the money belonged to Guy Turner and had been taken from him by Delmas Leverett. He corroborated Turner in saying that he was present the next morning when Turner awoke and that he told him he did not know where his money was. His statement also was to the effect that the money which he had received from his wife he put in his automobile, back of the cushion of the front seat, when he saw the officers coming to arrest him.

The arresting officer, one of the deputy sheriffs, was called as a witness for the People. He testified that on subsequent occasions, on questioning, both the Finches orally amended their previous written statement to the effect that about 10:30 on that night they had all decided to go to the tavern and the Finch and Leverett women tried to rouse Turner but were unable to do so and they went on without him; that at the tavern, after several drinks, the Leverett woman joined the company of two colored soldiers and departed with them, and they did not see her after that, but plaintiffs in error returned to their own home about midnight, from whence Nancy Finch departed to her mother's residence at 1:30 in the morning.

The officer further testified that Nancy Finch told him that she did not get any money from Delmas Leverett before they went to the tavern at 10:30 that night. The deputy sheriff testified to the finding of $80 in bills under the front seat of Archie Finch's car at the time he was arrested and that he secured $39 from Nancy Finch's mother-in-law at Nancy's direction.

The prosecution offered in evidence certain money found in the Finch home and the home of the mother-in-law, which the trial court refused to admit. It had been seized without a search warrant. The witness was allowed to testify, however, without objection, that he had found four twenty-dollar bills and one one-dollar bill under the divan cushions of the Finch home, and that at the request and direction of Nancy Finch he went to her mother-in-law and secured the $39. It is now contended that the admission of this evidence was error, but, as no objection was made to it, such objection comes too late in this court. *People* v. *Mulford,* 385 Ill. 48; *People* v. *Tuttle,* 382 Ill. 147; *People* v. *Lanie,* 378 Ill. 320.

Counsel for plaintiffs in error insist very earnestly that there is no evidence as to who took this money or even that it belonged to Turner, but that if anybody took it, it was taken by the Leverett woman, since she had opportunity to take it. Turner testified that he remembered having the money along in the evening when he furnished money to buy more liquor.

Plaintiffs in error's counsel argue that the evidence against plaintiffs in error consists wholly of circumstances and of no direct evidence whatever, and this is true. The rule is, however, that circumstantial evidence is legal evidence and where it is strong and convincing in character it is sufficient to warrant a conviction. *People* v. *Wilson,* 387 Ill. 563; *People* v. *Hart,* 323 Ill. 61.

Plaintiffs in error admit receiving the money, which they say Nancy got from Delmas Leverett and which, they

had no doubt, was taken from Turner. Nancy Finch in her statement said the Leverett woman had given it to her on the back porch just after the complaining witness and the Leverett woman had been alone in another room, but the officer testified that she also, in an oral statement to the assistant State's Attorney, said that she did not get any money from the Leverett woman before they had left the Finch home, about 10:30 or 11 o'clock that evening, leaving Turner sleeping. Since the testimony also is that Delmas Leverett did not return to the Finch home from this visit to the tavern, she could not have given $200 to Nancy Finch on the back porch of the Finch home, as plaintiffs in error stated she had done. It is the theory of the People,—and it is strongly supported by these circumstances,—that the money was stolen from Turner by the Finches after they returned. They argue that it would have been unnatural for the Leverett woman to have divided up this money in that sort of a fashion if she had been the one to take it. There is much in the record to indicate that the Finches were the ones guilty of the larceny. Both were found in possession of sums of money of the same denomination as that missing immediately after the theft. No explanation of how they happened to have it, other than the somewhat improbable explanation that the Leverett woman gave it to Nancy, was given. Neither of plaintiffs in error testified.

The rule is that recent exclusive and unexplained possession of stolen property shortly after a theft gives rise to a presumption of guilt and is sufficient to sustain a conviction of larceny. *People* v. *Kasallis,* 385 Ill. 158; *People* v. *Hendron,* 384 Ill. 529; *People* v. *Kreisler,* 381 Ill. 453.

We are convinced the evidence was sufficient to satisfy the jury beyond a reasonable doubt as to the guilt of plaintiffs in error. The court correctly denied their motion in arrest of judgment.

Plaintiffs in error complain of certain of the People's instructions. They say that since the plaintiffs in error were found guilty under the evidence as principals, People's instruction No. 3, concerning accessories, was erroneously given. This instruction, though inappropriate, did not harm the plaintiffs in error and does not afford basis for reversal of the judgment. (*People* v. *Terracco,* 346 Ill. 423; *People* v. *Lehner,* 335 Ill. 424; *People* v. *Jordan,* 303 Ill. 316.

They also complain of instructions 5, 6 and 8 which informed the jury that possession of the stolen property was *prima facie* evidence that it was stolen by the defendants. This was the substance of instructions 5 and 6. Counsel most earnestly complain of instruction No. 8, which, they say, informed the jury that the money in the possession of plaintiffs in error was stolen money. Instruction No. 8 told the jury that unexplained possession of personal property, after the commission of a crime of larceny, is *prima facie* evidence that such person in possession of such property committed the crime of larceny. The instructions are to be read as a series. These three instructions correctly stated the law. (*People* v. *Powloski,* 311 Ill. 284; *People* v. *Sturdyvin,* 306 Ill. 138; *People* v. *Surace,* 295 Ill. 604.) It is clear from the record that plaintiffs in error had a fair trial and that no error has intervened requiring reversal of the judgment.

Other arguments are made but we would not be justified in further extending this opinion. There is no error in the record requiring reversal. The judgment will be affirmed.

*Judgment affirmed.*