The People of the State of Illinois, Plaintiff-Appellee, *v.* Henry Umphers, Defendant-Appellant.

(No. 70-115;

Fifth District—June 11, 1971.

Morton Zwick, of Defender Project, of Chicago, (Mary Ellen Dienes, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of St. Clair, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

After a jury trial defendant was convicted of the crime of burglary and sentenced to a term of not less than five nor more than fifteen years in the penitentiary. Defendant appeals.

Defendant appeals contending that all the elements of burglary were not proven beyond a reasonable doubt, that he was prejudiced when the prosecution left a prejudicial statement unsubstantiated, that one of the prosecution's jury instructions was improperly given and that the sentence was excessive.

The evidence discloses that on the night in question the Trio Oil Company service station in East St. Louis was entered by unauthorized force,

a safe tampered with in an apparent attempt to open, and a pay telephone containing approximately $80.00 in coins and was forcibly removed from the wall with a pry bar. Some vending machines, a supply of cigarettes and an assortment of auto accessories and supplies had apparently gone unmolested.

Police had observed a car with one headlight out at approximately 3:30 A.M. about a block from the service station occupied by three persons, all in the front seat. The same car was seen again by the same officers at about 4:30 A.M. as it turned onto the highway from a side street adjacent to the service station and proceeded into National City at a high rate of speed. The officers gave chase in their patrol car using their siren and flashing red light. The chase continued for about one mile before the officers were able to halt and curb the eluding vehicle. The three occupants refused orders to alight until weapons were drawn. The three occupants were identified as the same, and defendant identified as riding on the right front seat next to the door, on both occasions the car was observed. After the car was curbed the officers observed a pay telephone lying on the back seat and a search disclosed a pry bar or crowbar under the front seat. The telephone was later identified as the one in use at the service station and the number still on the telephone was that assigned to the service station. The pry bar contained smudges of green paint matching that on the service station wall from which the telephone had been pried, and indentations in the wall adjacent to the telephone's position corresponded with the configuration of the pry bar.

Defendant testified at the trial that he worked on the evening in question until 11:00 P.M. and afterward went to a tavern in East St. Louis with the other two occupants of the automobile. He stated that he had had nothing to eat and after some drinking he became quite drunk, that he left the tavern, entered the car and went to sleep in the front seat. He recalled nothing else until the police stopped the car in the early hours of the morning and another of the occupants shook him. Defendant further testified that while he was in the front seat of the car he was so drunk he was totally unaware of any acts performed by the other occupants of the car, that he was oblivious to everything until the car was stopped by the police.

In rebuttal to defendant's testimony an officer testified that defendant was awake at the time of his arrest, was not drunk, showed no signs of drinking and appeared to be alert during conversation following the arrest.

Defendant first contends that his drunken condition rendered him incapable of forming the requisite intent to commit burglary and since no one testified to seeing him breaking into or entering the service sta-

tion all necessary elements of the crime. of burglary have not been proven and his conviction should be reversed.

■■ The fact that the Trio Oil Company service station was burglarized was established by direct and uncontroverted evidence. Defendant's participation in the crime is established circumstantially by his recent, exclusive and unexplained possession of the proceeds of the burglary which in itself gives rise to an inference of guilt which is sufficient to sustain a conviction unless there are other facts and circumstances which leave in the minds of the jury a reasonable doubt of guilt. (*People v. Franceschini*, 20 Ill.2d 126, 169 N.E.2d 244; *People v. Pride*, 16 Ill.2d 82, 156 N.E.2d 551; and *People v. Bennett*, 3 Ill.2d 357, 121 N.E.2d 595.) Although there were three persons in the automobile in which the stolen telephone was found the defendant can nevertheless be said to be in exclusive possession, for joint possession with another can be exclusive possession within the rule. (*People v. Wheeler*, 5 Ill.2d 474, 126 N.E.2d 228; *People v. Phelps*, 388 Ill. 618, 58 N.E.2d 615.) Defendant's contention that the State failed to prove the requisite intention upon his part to commit the burglary is without merit. The fact that a larceny was actually committed is evidence that the breaking and entering was accomplished with an intent to commit that offense. *People v. Franceschini, supra; People v. McMullen*, 400 Ill. 253, 79 N.E.2d 470.

■■ It was within the jury's province to believe the testimony given by the witnesses for the People and to disregard the testimony by defendant and we will not set their finding aside. *People v. Sauber*, 68 Ill.App.2d 133, 214 N.E.2d 918.

It is defendant's next contention that reversible error was committed when the prosecution left a prejudicial statement unsubstantiated, thereby leaving unsupported inferences with the jury. On cross-examination of the defendant by the State's Attorney the following colloquy took place:

"Q. Did you tell them you had found that telephone in the street, laying in the street?

A. No, sir.

Q. You didn't tell Officer Croy or Officer Oeth that you found this phone laying in the street?

A. Not to my knowledge, I didn't.

Q. Not to your knowledge you don't know that? You don't know?

A. Well, as I say, I was intoxicated that night.

Q. Possibly you might have told them you found it in the street?

A. It is possible.

Q. You can't say you didn't tell them that?

A. No, sir."

The People introduced no further testimony regarding the alleged statement of defendant that he had found the telephone lying in the street. On re-direct defendant's attorney asked defendant whether either of the other two persons in the automobile had told the police of finding the telephone in the street. The question was objected to on the grounds that it was hearsay and the objection was sustained. Defendant argues this ruling was a prejudicial misinterpretation of the hearsay rule, that it is only where evidence of an out-of-court statement is offered to show the truth of the matter asserted that such evidence can be said to be hearsay, citing *People v. Carpenter*, 28 Ill.2d 116, 190 N.E.2d 738. He points out that defense counsel was not attempting to establish whether anyone in fact found a telephone lying if the street but was only attempting to elicit whether anyone made the statement, "I found the telephone lying in the street." Defendant's position is that the trial court's misinterpretation of the hearsay rule in this instance was prejudicial error because it denied defense counsel the opportunity to elicit whether the statement was made and thus left the jury with the impression that the defendant had given the police an unlikely account of obtaining possession of the telephone and then denied the statement on the witness stand. *People v. Nuccio*, 43 Ill.2d 375, 253 N.E.2d 353, is cited as authority.

■■■ In the colloquy involved the defendant referred to his intoxication and lack of knowledge of the statement and admitted that it was possible he could have told police he found the telephone lying in the street. The tenor of the insinuations made by the cross-examination was that defendant tried to alibi when apprehended by the police thus exploding his story that he was so intoxicated that he did not know what had transpired. It was error for the People to place the insinuations contained in the cross-examination before the jury and then to object to defendant's proper attempt to give explanation. Such practice is to be condemned because of its possible prejudicial effect upon defendant's case. (See *People v. Lewis*, 313 Ill. 312, 145 N.E. 149; *People v. Nuccio*, *supra*.) However, we are of the opinion that the error committed by sustaining the objection to defense counsel's question was harmless. Where the record contains sufficient competent evidence to establish defendant's guilt beyond a reasonable doubt, the judgment will not be reversed for error in admitting evidence unless it appears that the error was prejudicial. *People v. Owens*, 126 Ill.App.2d 379; *People v. Oberholdt*, 359 Ill. 39, 193 N.E. 608.

Next, defendant objected to the giving of People's instruction number 9 which stated:

> "A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the

intent to promote or facilitate the commission of a crime, he knowingly solicits, aids, abets, agrees or attempt [sic] to aid the other person in the planning or commission of the crime."

He contends that the instruction gave the jury the erroneous impression that the defendant was a party to the crime simply by his presence in the area, and instructed the jury that the defendant could have been guilty even though he may have been so drunk as to be able to form the requisite intent.

■■  The evidence before the jury was sufficient to establish defendant's presence in the area of the crime and to show the requisite intent to commit the crime. People's instruction number 9 is *I.P.I., Criminal,* number 5.03 and is based upon Section 5—2(c) of the Criminal Code (Illinois Revised Statutes, Chapter 38, Section 5—2(c)). The Committee Comments to that Section (Smith Hurd Annotated Statutes, Chapter 38, Section 5—2(c)) states that the Section is a statement of principles of accessoryship although that term is not employed in the Code. It also says that the Section is a comprehensive statement of liability based on counseling, aiding and abetting and the like and that liability under the subsection requires proof of an "intent to promote or facilitate  *  *  * commission" of the substantive offense. There is no direct evidence in the record in this case on which to base this instruction. Under the evidence the defendant was a principal and not an accessory, and the court should not have given the instruction concerning an accessory. Notwithstanding, we do not regard its giving as error under the circumstances presented by the evidence. *People v. Finch,* 394 Ill. 183, 68 N.E.2d 283; *People v. Terracco,* 346 Ill. 423, 179 N.E. 114; *People v. Lehner,* 335 Ill. 424, 167 N.E. 20.

Defendant finally contends that the sentence imposed by the trial court was excessive. Defendant was sentenced to a minimum of five years and a maximum of fifteen years in the penitentiary. Illinois Revised Statutes, 1967, Chapter 38, Section 19—1(b) fixes the penalty for burglary at an indeterminate term with a minimum of not less than one year. The sentence imposed was thus within the limits set by the statute. The hearing on aggravation and mitigation shows defendant to have been twenty-one years old at the time of sentencing. He had no previous criminal record and was steadily employed at the time of the offense and until trial and sentencing. The crime did not involve violence, use of a weapon or injury or threats to any person.

■■■  Supreme Court Rule 615(b)(4) (Illinois Revised Statutes, 1967, Chapter 110A, Section 615(b)(4)) authorizes a reviewing court to reduce the punishment imposed by the trial court. Our Supreme Court has consistently held that where it is contended that the punishment imposed

in a particular case is excessive, though within the limits prescribed by the legislature, it should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of Section 11 of Article II of the Illinois Constitution which requires that all penalties shall be proportioned to the nature of the offense. (*People v. Richardson,* 43 Ill.2d 318, 253 N.E.2d 420; *People v. Smith,* 14 Ill.2d 95, 150 N.E.2d 815.) In the *Richardson* case the court said, "* * * although by our rules reviewing courts have authority to reduce sentences imposed by trial courts, '* * * such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals.' "

■■ In the light of these guidelines we have examined the sentence imposed upon defendant in this case. We have concluded that it would be in the best interest of the public and the defendant, further the ends of justice and facilitate the rehabilitation of defendant, to reduce the sentence to a minimum of one year and a maximum of three years. Same ordered.

*Judgment of conviction affirmed. Sentence reduced.*

EBERSPACHER and G. MORAN, JJ., concur.