THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES LUSIETTO, Defendant-Appellant.

Third District   No. 75-281

Opinion filed August 31, 1976.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

James Hinterlong and John Breslin, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury found the defendant, James Lusietto, Jr., guilty of burglary, the circuit court of La Salle County sentenced him to a term of from 5 to 15 years in the penitentiary. On this appeal the only assignments of error relate to the closing argument of the State's attorney and the jury instruction on accountability.

Defendant was charged with the burglary of a private residence in La Salle, Illinois. The testimony of two police officers established that the defendant and two accomplices were apprehended in or near the home of Paul Khoury. One accomplice, Damian Runde, was caught as he fled from the area and the other accomplice, Michael Holt, was found in a

closet in the bedroom of the Khoury residence. The defendant was found lying under a bed with an automatic pistol within his reach. A door to the home had been pried open and several drawers had been ransacked. A third officer testified a car registered in the name of defendant was found 1½ blocks from the Khoury residence and the defendant and his two accomplices all resided at the same address.

Prior to the burglary, the defendant had been questioned by local law enforcement authorities about a number of burglaries that had occurred in the La Salle County area. At the time of the questioning the defendant was on parole from two earlier convictions for robbery. By residing with Holt, a known felon, the defendant was violating the terms of his parole and the defendant testified he was threatened with a parole violation unless he cooperated with police in providing information about the burglaries. Defendant provided the police with some information but was unable to provide any information as to the location of the stolen articles. While testifying in his own defense, the defendant stated he did not intend to commit a theft in the Khoury residence, but rather that pursuant to a prior agreement with the Peru city police, he was merely accompanying the other suspects in an attempt to obtain information as to the location of the goods stolen in the earlier burglaries. In rebuttal, the State called the Peru city police officer who had allegedly made the agreement with defendant. The officer denied the existence of any such agreement with defendant.

During the initial portion of the final argument, the prosecutor made the following statements:

> "Now then, even if you were to accept—even if you were to accept this very improbable, impossible story of James Lusietto, he would still be guilty of the crime because nobody ever asked him to commit a burglary."

At two different times during the remainder of the final argument the prosecutor made similar statements.

> "Even if you were to accept his story, he would still be guilty.
> * * *
> But, he would still be guilty even if you believed every word he said, which I certainly do not expect you to do."

The opening statement of the prosecutor's rebuttal argument conveyed the same thought.

> "Ladies and Gentlemen, I will repeat once more that even if you were to accept Jim Lusietto's story, as impossible as it is, he would still be guilty of the crime as charged."

The instruction which defendant claims was improperly given is the IPI Criminal Instruction No. 5.03. This instruction is based on paragraph two

of the Illinois statute on accountability (Ill. Rev. Stat. 1975, ch. 38, par. 5—2). This section of the Criminal Code states, in pertinent part:

"A person is legally accountable for the conduct of another when:

\* \* \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such a commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

Based upon the foregoing segments of the final argument, defendant first contends that he was severely prejudiced because such argument effectively precluded the jury from even considering the substance of his defense, *i.e.*, that he lacked the requisite intent to commit burglary. He also contends that the prejudicial effect of the prosecutor's improper argument was amplified when the court read the accountability instruction to the jury because by so instructing the jury, the court appeared to be lending credence to the prosecutor's assertions that the State was not obligated to prove that the defendant possessed the requisite intent to commit a burglary.

■■ In our opinion the court's instruction on accountability was improperly given. As a general proposition, it is proper to instruct the jury on principal as well as accountability theories where the evidence supports both theories. (*People v. Stark*, 33 Ill. 2d 616, 213 N.E.2d 503.) The State, relying on *Stark* contends that while the overwhelming weight of evidence supports a conviction as a principal, the accountability instruction was justified in response to defendant's claim of lack of intent to commit burglary, premising the element of intent instead upon the intent to promote or facilitate the commission of the burglary. In *Stark* the evidence established that only the defendant's brother was found on the burgled premises, thus leaving defendant's role as a direct participant unclear. However, the evidence strongly suggested that defendant was an accessory. Hence, the Illinois Supreme Court in *Stark* correctly decided that the accountability instruction had been properly given.

The facts of the present case are quite different from those found in *Stark*. Here, the defendant was found inside the burgled premises. The only evidence which might establish guilt based on an accountability theory was defendant's providing the tools and car used in the burglary. Since these acts of defendant would also be the acts of a principal, guilt predicated on an accountability theory is proper only if the other evidence is inconclusive as to defendant's direct participation in the crime. But when, as here, the uncontroverted evidence places defendant inside the burgled premises, the State cannot attempt to change its burden

of proving a requisite intent to commit theft or a felony to a different burden of proving the intent to promote or facilitate the commission of a burglary via use of an accountability theory, because the defendant claims lack of intent as a principal. An accountability instruction should not be given when the evidence establishes that defendant was a principal and not an accessory. (*People v. Finch*, 394 Ill. 183, 68 N.E.2d 283; *People v. Terracco*, 346 Ill. 423, 179 N.E. 114; *People v. Lehner*, 335 Ill. 424, 167 N.E.20; *People v. Umphers*, 133 Ill. App. 2d 853, 272 N.E.2d 278.) In *Umphers* the defense to a charge of burglary was voluntary intoxication sufficient to render the defendant incapable of forming the requisite specific intent. An accountability instruction given over defendant's objection was found improper where there was "no direct evidence * * * on which to base this [the accountability] instruction." *People v. Umphers*, 133 Ill. App. 2d 853, 858, 272 N.E.2d 278, 281.

■■ The State contends that the foregoing portions of the prosecutor's final argument are a direct and proper application of the law to the facts under an accountability theory. Since we have previously found that an accountability instruction was improper, the State's justification of the propriety of these portions of its final argument is fallacious. The law recognizes the validity of the defense which defendant sought to establish and had the jury believed defendant's testimony, he would have been entitled to an acquittal. The statements by the prosecutor during closing argument were therefore error.

There remains the question of whether these errors were sufficiently prejudicial to require a new trial or whether they can be regarded as harmless when considered with all the evidence. In our opinion the harmless error rule as stated in *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, is applicable and we believe beyond a reasonable doubt that the error was harmless and reversal for a new trial is unwarranted. The objectionable statements in the State's final argument were not a major portion of the State's entire argument and the remaining portion of the final argument was properly devoted to discussing credibility and urging defendant's guilt under a principal theory. Apart from the accountability instruction, the jury was correctly instructed, and in view of the evidence in the case we do not believe that the errors previously indicated affected the jury's verdict. Defendant's defense was aptly and clearly presented to the jury both by defendant's own testimony and his counsel's final argument. Defense counsel also skillfully sought during final argument to persuade the jury as to defendant's credibility. The credibility of the witnesses of each side necessarily played an unusually prominent role in the jury's determination. In light of the amount of evidence tending to refute the defendant's credibility, we are convinced that the objectionable argument and the erroneous

accountability instruction had no significant impact on the verdict of the jury. For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J. concur.