THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESLIE C. WHITTAKER, Defendant-Appellant.

Third District   No. 77-71

Opinion filed January 17, 1978.

Robert Agostinelli and Frank Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial defendant, Leslie Whittaker, was found guilty of the offense of attempt theft and sentenced by the circuit court of Tazewell County to a term in the penitentiary of one to three years.

On this appeal the defendant raises three issues. First, the trial court erred in giving Illinois Pattern Jury Instructions, Criminal, No. 5.03 (1968) (hereinafter IPI Criminal); second, the final argument of the prosecution constituted prejudicial and reversible error; third, the court erred in denying his post-trial motion for a new trial based on newly discovered evidence. We affirm.

According to the testimony of Creve Coeur police officer Gary Beebe, at about 3:30 a.m. on February 14, 1976, he went to the Midwest Dredging and Dock office at 320 Wesley Road in response to an anonymous phone call to police headquarters. The office, a converted house, was immediately south of a tavern in the vicinity of a number of houses and a church. The area was illuminated by a street light nearby and lights from the tavern and church. Arriving at the scene, the officer drove into a lane immediately south of the Midwest Dredging office. He saw two vehicles in the lane, a jeep parked under a street light near Wesley Road and an unmarked wrecker parked farther down the lane near the office. Officer Beebe testified that both vehicles had their lights off and their motors running. The officer further testified that he turned his spotlight on the wrecker and saw two individuals, whom he identified at trial as Robert Crocker and the defendant, at the rear of the wrecker. The defendant was bending down at this time. Between the two men and directly behind the

wrecker was a roll of steel wire. Another roll was next to the office, about 10 to 12 feet away from the first roll. The officer stated that he asked one of the two what they were doing. The defendant, who had stood up and was facing the officer, replied simply that he was helping Mr. Crocker. After noticing a third person sitting in the cab of the wrecker, identified at trial as Katherine Crocker, the officer asked Robert Crocker to come toward the lights of the squad car so he could find out what was going on. Crocker explained that he was moving cable. By this time two other officers arrived at the scene and the defendant and the Crockers were questioned by those officers and thereafter charged with attempt theft.

According to Robert Crocker, he told the officer that he had received a phone call to go down on Wesley Road to Midwest Dredging to pick up some wire cable. Robert Crocker, who runs a 24-hour towing service, said that he did not think it was unusual that he received a call early in the morning or that no one from Midwest Dredging was at the office. Crocker had used his truck on previous occasions to move cable for the dredging company, but had never done so at night. There was other testimony purporting to support Crocker's claim about receiving a call, but the person in charge of the dredging operation testified that no call had been made.

Defendant Whittaker, Robert Crocker and Katherine Crocker were charged with the offense which is the subject of this appeal and each was found guilty. This appeal involves only Whittaker, the Crockers having perfected a separate appeal presently pending in this court as case number 77-70.

At the conference on instructions, the State tendered an accountability instruction, IPI Criminal No. 5.03. The defendants objected stating that there was no question involved as to whether defendant was an accessory. The court overruled the objection and gave the instruction.

According to the defendant, if the defendants were guilty of the offense charged, they were each guilty as principals and hence the trial court erred in giving an instruction based on the theory of accountability. No error was assigned to the giving of this instruction in the defendant's post-trial motion.

Likewise no objection was specified by the defendant in his post-trial motion to his second assignment of error. This error relates to disparaging remarks about defendant's counsel made by the prosecutor during his rebuttal argument and also to remarks made by the prosecutor concerning the failure of the defendants' witness to have communicated with the police department or the proscution. The defendants called Jerry Montgomery, an employee of Crocker, to testify concerning the claim that a call was made by someone from the dredging company and taken by Montgomery. On cross-examination it was elicited that Montgomery

had not reported receipt of such a call to anyone investigating the offense. In attempting to support the credibility of this witness' testimony, defense counsel argued that it was the duty of the prosecution and investigating officers to discover Montgomery's story, while the prosecutor in his rebuttal argument sought to discredit the witness' story because he was unknown to the prosecution and had not come forward at the time of the initial investigation and charge.

■■ The general rule is that the failure to properly preserve errors to be considered on review in a post-trial motion constitutes a waiver of such alleged errors. (*People v. Pickett,* 54 Ill. 2d 280, 296 N.E.2d 856.) Although Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) permits review where the claimed error is plain error substantially affecting justice and fairness of the proceeding, we do not believe the claimed errors heretofore discussed come within the terms of Supreme Court Rule 615(a). Consequently, we decide that the issues raised by the defendant's first two assignments of error should not be considered on appeal.

After return of a guilty verdict by the jury, the defendant filed a new trial motion based, *inter alia,* on newly discovered evidence. This motion alleged that on approximately October 8, 1976, the co-defendant, Crocker, after previously refusing to testify on the defendant's behalf, came forward and revealed that he was the sole moving factor in the offense. The defendant could not and did not know that Crocker was not authorized to move the cable. The defendant had simply volunteered to help Crocker.

At the hearing on the motion for a new trial, Crocker, after being advised of his right not to testify, waived such privilege and testified that he was the sole moving factor in the offense and that Whittaker was merely following his directions without knowledge that a criminal offense was being committed. The motion for a new trial was denied.

■■■ The standard used by Illinois courts to determine whether a defendant is entitled to a new trial based on newly discovered evidence is as follows: the evidence must be of a conclusive nature, likely to change the result upon retrial; the evidence must be material and noncumulative; and the evidence must have been discovered after the trial and be of such character that it could not have been discovered before trial by the exercise of due diligence. (*People v. Baker,* 16 Ill. 2d 364, 158 N.E.2d 1.) In applying the foregoing standards we are unable to agree with the defendant that the evidence of Crocker was unknown to him and could not have been discovered in the exercise of reasonable diligence. The most that can be said about the affidavit and testimony at the hearing is that prior to trial or at least during the trial Crocker declined to testify favorably for the defendant. Crocker was known to the defendant and

was accessible to testify. That the witness may have changed his mind after the trial was over does not refute the conclusion that the evidence was known to or could and should have been known by the defendant. (See *People v. Starr*, 37 Ill. App. 3d 495, 346 N.E.2d 410.) The principal case relied on by the defendant is *People v. Torres*, 47 Ill. App. 3d 101, 361 N.E.2d 803, which we believe is substantially dissimilar to the facts in this case. In *Torres* the witness, although known to the defendant as a potential witness in his favor, had moved to another State, was living under an assumed name and could not have been discovered in the exercise of due diligence. No similar circumstances are presented by the record in this case.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.