THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KATHERINE I. CROCKER *et al.*, Defendants-Appellants.

Third District  No. 77-70

Opinion filed January 17, 1978.—Modified on denial of rehearing February 15,
1978.

Alan B. Marsh, of Ottawa, for appellants.

Bruce Black, State's Attorney, of Pekin (Martin P. Moltz and Phyllis J. Perko,
both of State's Attorneys Appellate Service Commission, of counsel), for the
People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the defendants, Robert Crocker and Katherine Crocker, were found guilty of the offense of attempt theft. Robert Crocker was sentenced by the circuit court of Tazewell County to imprisonment for a term of one to three years and Katherine Crocker was sentenced to a term of three years' probation. Upon petition for rehearing filed by the defendants we have determined that our prior opinion should be withdrawn and modified. As so modified the opinion is filed and the petition for rehearing is denied.

On this appeal the defendants raise the following assignments of error. One, the trial court erred in giving Illinois Pattern Jury Instruction (IPI), Criminal, No. 5.03 on accountability; two, the final argument of the prosecution constituted prejudicial and reversible error; three, the court erred in declining to continue the preliminary hearing in order for defendants' privately retained counsel to be present at such hearing; four, the conviction is erroneous because the evidence fails to establish the defendants guilty beyond a reasonable doubt. We affirm.

A third person, Leslie Whittaker, was also charged with the same offense as the defendants in this case, and the trial of all three parties took place at the same time. However, Leslie Whittaker perfected a separate appeal, and the opinion of this court in that case has been filed. No useful purpose would be served in restating the facts since they are adequately set forth in *People v. Whittaker*, 56 Ill. App. 3d 430.

■■ The defendants first argue the court erred in giving an instruction on accountability since the defendants were guilty if at all as principals. Over the objection of the defendants the trial court gave IPI Criminal No. 5.03 on accountability. Relying principally on *People v. Lusietto*, 41 Ill. App. 3d 205, 353 N.E.2d 385, defendants urge that the giving of the instruction constituted reversible error.

We believe the facts in the instant case are substantially distinguishable from those in *People v. Lusietto* and accordingly we believe the instruction was properly given. In *Lusietto* the defendant, charged with burglary, was found in the premises lying under a bed with a gun within his reach. The court in *Lusietto* concluded that the evidence showed the defendant to be only a principal and that this was not changed by the effort of the prosecution to oppose the defendant's defense that he was aiding the police.

In the instant case, the offense charged is attempt theft. The defendants in this case together with Whittaker were all apprehended at the scene of the alleged offense, but the nature of their activities, their relation with one another and, particularly because of the incipient stage of the offense,

the nature of the participation of the parties were not clearly disclosed by the evidence. Particularly where the offense charged is an attempt, the evidence may show, as we believe it does in this case, participation as principal or the participation and assistance in the commission of the offense. If so, then the People are entitled to instructions on both theories.

■■ ■ Even though an issue instruction was not tendered with the accountability instruction (*People v. Hatfield,* 5 Ill. App. 3d 996, 284 N.E.2d 708) no instruction was tendered by the defendants, and the court was not required to submit such an instruction sua sponte. (*People v. Grashoff,* 21 Ill. App. 3d 282, 315 N.E.2d 209.) The second assignment of error, *i.e.,* the alleged error in the remarks of the prosecutor, is the same as that raised in the *Whittaker* case (*People v. Whittaker,* 56 Ill. App. 3d 430). In *Whittaker* we held that because the error had not been properly preserved, it was inappropriate to consider such issue on appeal. We believe the same result is applicable to the instant case and accordingly conclude the defendants have waived consideration on appeal of this error.

■■ Likewise, the defendants' third assignment of error relating to the failure of the court to continue the preliminary hearing for the purpose of permitting their attorney to be present has been, in our opinion, waived because of defendants' failure to specify this error in their post-trial motion. At the preliminary hearing the defendants asserted they had retained an attorney, but it does not appear from the record that such an attorney had filed his appearance or had agreed to be present on the day of the preliminary hearing. However, no further action was taken by the defendants or their counsel after the entry of his appearance, and no claim of error regarding the court's ruling was mentioned in the defendants' post-trial motion. Under the general rule this constitutes a waiver of this assignment of error on appeal. (*People v. Pickett,* 54 Ill. 2d 280, 296 N.E.2d 856.) Even though Supreme Court Rule 615A (Ill. Rev. Stat. 1975, ch. 110A, par. 615A) might permit consideration of this error even if not properly preserved if the same be regarded as plain error, we do not believe it constitutes plain error, and consequently we hold that it is inappropriate to consider this assignment of error on appeal.

■■ Finally, the defendants argue the evidence is insufficient to support their conviction. Without discussing the evidence in great detail, we believe it is sufficient to point out that the defendants were discovered in the course of removing coils of wire at the dredge company premises at about 3:30 a.m. Both from the surrounding circumstances and from statements at the time to police, there is no question but that the defendants were in the process of removing the coils of wire with the tow truck and that the only question was whether this removal was authorized

or unauthorized. The testimony of the dredge company superintendent was that the removal was unauthorized and the defendants sought to establish the contrary by the testimony of an employee in the towing business. The jury decided to believe the testimony presented by the prosecution, and we are unable to agree that it is improbable or unsatisfactory. We believe the evidence is ample to support the jury's verdict. Our prior opinion filed in this case is withdrawn and this modified opinion is filed. Petition for rehearing is denied. For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Prior opinion withdrawn; petition for rehearing denied; judgment affirmed.

BARRY and SCOTT, JJ., concur.